UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DAISY LYNNE MEADOWS, | Case No. 2:23-cv-01995-APG-MDC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STRIPLIN, et al., | |
| Defendants. | |

This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1). In screening Plaintiff's complaint, the Court allowed some claims to proceed, dismissed others without leave to amend here, and dismissed the rest with leave to file a first amended complaint by March 27, 2024, if Plaintiff so chose. (ECF No. 8). Before that deadline expired, Plaintiff filed motions for a temporary restraining order and a preliminary injunction stating, among other things, that she "does not wish to amend her complaint" and prefers this action to proceed without delay because she's in "harm's way." (ECF Nos. 10 at 7, 11 at 7).

Plaintiff filed an application to proceed *in forma pauperis* for an inmate. (ECF No. 1). The Court previously deferred ruling on the application. (ECF No. 8 at 27). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this action.

IT IS THEREFORE ORDERED that:

1. Considering Plaintiff's choice not to file a first amended complaint, the March 27, 2024, deadline to do so is vacated. Consistent with the February 22, 2024, screening order, this action will proceed onto the normal litigation track as to (1) the Eighth Amendment claim about indifference to safety threats against Deborah Striplin, J. Jones, Julie Williams, and Clark; and (2) the Fourteenth Amendment claim about gender-based discrimination in prison programming against James Dzurenda, Julie Williams, Bean, and

1  J. Jones. The Court will enter a separate order about Plaintiff's motions for a temporary restraining order and a preliminary injunction.

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee. And Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security. But even if this action is later dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

3. To ensure that Plaintiff pays the filing fee, the Nevada Department of Corrections will forward payments from the account of **DAISY L. MEADOWS, #1027585** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits—in months that the account exceeds $10—until the full $350 statutory filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office and the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

4. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 9) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected within 90 days from the entry date of this order consistent with Federal Rule of Civil Procedure 4(m).

6. Subject to the findings of the screening order (ECF No. 8), within 21 days from the entry date of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those

defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Office will attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 9) within 60 days from the entry date of this order.

9. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. IC 4-1(b); Nev. LR 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

Dated this 4th day of March 2024.

_____
U.S. Magistrate Judge