UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAISY LYNNE MEADOWS, | Case No.: 2:23-cv-01995-APG-MDC |
| Plaintiff | **Order Denying Motions for Injunctive Relief and Supplements** |
| v. | [ECF Nos. 10, 11, 14, 20, 21, 24] |
| DEBORAH STRIPLIN, et al., | |
| Defendants | |

Pro se plaintiff Daisy Lynne Meadows is incarcerated in the custody of the Nevada Department of Corrections (NDOC) and currently housed at High Desert State Prison (HDSP). Meadows alleges that she is a female inmate who is being housed in a male prison. ECF No. 1-1 at 4. After screening, her remaining claims are (1) deliberate indifference to threats to her safety at the hands of other inmates under the Eighth Amendment against defendants Deborah Striplin, James Jones, Julie Williams, and Jessica Clark, and (2) a Fourteenth Amendment equal protection claim based on lack of prison programming against defendants Williams, Jones, James Dzurenda, and Jeremy Bean. ECF No. 8 at 28.

Meadows moves for a temporary restraining order and a preliminary injunction requiring the defendants to either release her from custody or transfer her to Florence McClure Women's Correctional Center (FMWCC). She also filed several unauthorized supplemental motions. The defendants oppose Meadows' motions, arguing that she cannot seek release from custody through a lawsuit under 42 U.S.C. § 1983 and she cannot obtain an injunction for a transfer because none of the defendants named in the Eighth Amendment claim can order a transfer. The defendants also oppose Meadows' various supplemental motions as abusive filings.

To qualify for a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Additionally, because Meadows seeks a mandatory injunction to require the defendants to take affirmative action to either release or transfer her, she also must show that "the facts and law clearly favor" her. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quotation omitted).  Mandatory injunctions are "particularly disfavored" because they go "well beyond simply maintaining the status quo." *Id.* (quotation omitted).

Moreover, in the context of a civil action challenging prison conditions, "injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  I must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*  A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

I deny Meadows' motions because she has not shown a likelihood of success on the merits.  Meadows seeks release from custody, but she must pursue that relief through a petition

for a writ of habeas corpus. She cannot obtain that relief through this civil lawsuit under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Meadows also seeks a transfer to FMWCC, but she has not shown that the facts and law clearly favor entering a mandatory injunction for this relief. Her Eighth Amendment claim is against Jones, Striplin, Clark, and Williams. There is no evidence that Jones, Striplin, or Clark have authority to transfer Meadows. Clark is identified in the complaint as a correctional officer. ECF No. 9 at 3. Jones avers that neither he nor Striplin has authority to release or transfer inmates. ECF No. 16-4 at 2. Meadows argues that Striplin has authority as shown by an email in which Striplin discusses Meadows' housing. *See* ECF No. 18 at 8-9. However, the fact that Striplin described the decisions made about Meadows' placement does not show she has authority to decide where Meadows is housed.

The situation with respect to Williams is perhaps different. The defendants have misread the screening order by asserting that the Eighth Amendment claim is only against Jones, Striplin, and Clark. ECF No. 16 at 7. The screening order allowed this claim to proceed against Williams as well. ECF No. 8 at 17. It is unclear whether Williams, as an associate warden, would have the authority to transfer Meadows. *See* ECF No. 9 at 2 (identifying Williams as an associate warden at HDSP).

Meadows' motions nevertheless fail because she has not shown that transfer to FMWCC extends no further than necessary and is the least intrusive means necessary to correct the alleged violations. The defendants have presented evidence that they provided Meadows with a shower

3

safety plan and that as of December 2023, Meadow felt safe in the unit, at the institution, and while showering. ECF Nos. 16-2; 16-3.  Additionally, NDOC has investigated her allegations of sexual abuse. ECF No. 16-5.  It thus appears there are less restrictive measures to address Meadows' safety concerns than a transfer, and Meadows has not presented evidence that prison operations and safety would not be adversely impacted if she were transferred to FMWCC.  I note that Meadows is in NDOC custody after pleading guilty to sexually assaulting female victims.[1]

Meadows' Fourteenth Amendment claim relates to prison programming.  She has not argued or presented evidence that a transfer to FMWCC would address that alleged violation or that a transfer is the least intrusive means within the prison context to remedy the alleged violation.

Finally, I advise Meadows that filing multiple motions on the same topic is inappropriate because it wastes the parties' and the court's resources.  If Meadows wants to file supplements, she must comply with Local Rule 7-2(g) and request leave of the court supported by good cause.

I THEREFORE ORDER that plaintiff Daisy Meadows' motions for injunctive relief **(ECF Nos. 10, 11)** and supplemental motions **(ECF Nos. 14, 20, 21, 24) are DENIED**.

DATED this 28th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Meadows pleaded guilty under the name Roy Trost.