UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAISY LYNNE MEADOWS, | Case No.: 2:23-cv-01995-APG-MDC |
| Plaintiff | **Order Denying Motion for Injunctive Relief and Objection** |
| v. | [ECF Nos. 28, 32] |
| DEBORAH STRIPLIN, et al., | |
| Defendants | |

Pro se plaintiff Daisy Lynne Meadows is incarcerated in the custody of the Nevada Department of Corrections (NDOC) and currently housed at High Desert State Prison (HDSP). Meadows alleges that she is a female inmate who is being housed in a male prison. ECF No. 1-1 at 4. After screening, her remaining claims are (1) deliberate indifference to threats to her safety at the hands of other inmates under the Eighth Amendment against defendants Deborah Striplin, James Jones, Julie Williams, and Jessica Clark, and (2) a Fourteenth Amendment equal protection claim based on lack of prison programming against defendants Williams, Jones, James Dzurenda, and Jeremy Bean. ECF No. 8 at 28.

Meadows moves for injunctive relief. ECF No. 28. Although most of the motion repeats arguments I have already rejected, Meadows asserts that Clark retaliated against her on May 19, 2024 by altering Meadows' shower plan when Clark was filling in for one day in Meadows' unit. *Id.* at 2. When the defendants did not address this particular allegation in Meadows' motion, I directed them to respond to it. ECF Nos. 30; 31. In their supplemental response, the defendants argue that Meadows cannot use this single incident to support injunctive relief, particularly because the showers at the prison are individual units, so the likelihood of attack in the shower is

unlikely. *See* ECF No. 33-1 (pictures of showers).  The defendants concede that Clark changed the shower schedule for one day, but that Clark did so because there were male porters serving breakfast on the tier at the time. ECF No. 33-2.  Clark states in a declaration that she advised Meadows of that fact and requested that Meadows' shower be delayed until after breakfast was served and the inmates locked down. *Id.*  Clark states this change was "in line with the spirit of the shower schedule agreement." *Id.*  She also states that Meadows did not complain to her about that change. *Id.*  Meadows' caseworker, Troy Ternes, also states in a declaration that Meadows did not complain to him about the change for that day. ECF No. 33-3 at 2.

In Meadows' supplemental response, she generally complains about the fact that she is housed in a male prison and that she does not feel comfortable with Clark working in the unit. ECF No. 34 at 2.  Meadows contends that she always showers when the male porters are on the tier, and she did not agree with the alteration in the schedule. *Id.* at 3.  She states she did not complain to Ternes because it was the weekend and he was not there. *Id.*

To qualify for a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Additionally, because Meadows seeks a mandatory injunction to require the defendants to take affirmative action to either release or transfer her, she also must show that "the facts and law clearly favor" her. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)

(en banc) (quotation omitted).  Mandatory injunctions are "particularly disfavored" because they go "well beyond simply maintaining the status quo." *Id.* (quotation omitted).

Moreover, in the context of a civil action challenging prison conditions, "injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  I must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*  A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

I deny Meadows' motion because she has not shown a likelihood of success on the merits.  Meadows seeks release from custody, but as I have previously advised her, she must pursue that relief through a petition for a writ of habeas corpus.  She cannot obtain that relief through this civil lawsuit under 42 U.S.C. § 1983. ECF No. 29 at 2-3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.")).  Meadows also seeks a transfer to Florence McClure Women's Correctional Center, but as I have previously advised her, she has not shown that the facts and law clearly favor entering a mandatory injunction for this relief and nothing in her new motion changes that determination. *Id.* at 3-4.  For these same reasons, I deny Meadows' objection to my prior order denying injunctive relief. ECF No. 32.

Finally, Meadows has not shown a likelihood of success regarding the one-day change in the shower plan. Although Meadows characterizes it as retaliatory, she does not explain how Clark taking greater measures to protect Meadows from the possibility of an attack by male porters on the tier is retaliatory. Nor does she present evidence that she is likely to experience additional alterations in the shower plan to support the need for injunctive relief.

I THEREFORE ORDER that plaintiff Daisy Meadows' motion for injunctive relief **(ECF No. 28)** and objection **(ECF No. 32) are DENIED**.

DATED this 3rd day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE