UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAISY LYNNE MEADOWS,<br><br>   Plaintiff<br><br>v.<br><br>DEBORAH STRIPLIN, et al.,<br><br>   Defendants | Case No.: 2:23-cv-01995-APG-MDC<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 53] |

The parties' proposed Joint Pretrial Order (ECF No. 53) does not comply with Local Rules 16-3 and 16-4.

In her exhibit and witness lists, Meadows lists only "TBD," presumably meaning "To Be Determined." This violates Local Rule 16-3(b)(8)(B) and 16-3(b)(10), which require the parties to list the exhibits and witnesses they intend to offer at trial. The failure to list specific exhibits makes it impossible for the other side to object to them, as required by Local Rule 16-3(b)(8)(B). And the failure to identify witnesses makes it impossible to prepare for cross-examination. Most importantly, Local Rule 16-3(c) says: "Unless offered for impeachment purposes, no exhibit will be received and no witnesses will be permitted to testify at the trial unless listed in the pretrial order." Thus, unless corrected, Meadows will not be permitted to call any witnesses or offer any exhibits at trial.

The defendants' exhibit lists includes "Plaintiff's Information Summary," "Plaintiff's relevant medical records and kites," "Programming schedules for HDSP," and numerous other, similarly vaguely described exhibits. It also lists two "catch-all" categories:

> 19. All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims.

20. Any and all other exhibits that may support the statements of fact and law cited herein and to rebut Plaintiff's statements, claims, and testimony.

Local Rule 16-3(b)(8) requires parties to list their trial exhibits, and describe them "sufficiently for ready identification . . . ." The defendants' descriptions are too vague to permit Meadows to object to them as required by Local Rule 16-3(b)(8)(B). Similarly, the defendants' witness list includes: "Any and all other witnesses that have personal knowledge supporting Defendant's (sic) statements of fact or law cited herein." This attempt to reserve the right to call literally anyone at trial violates Local Rule 16-3(b)(12) and is too vague to allow Meadows to adequately prepare for cross-examination.

The parties have not stated their estimate of how long the trial will last, as required by Local Rule 16-4 (§ X). And the proposed order does not include the section for "Action by the Court" and signature block, as required by Local Rule 16-4 (§ XI).

I have already entered two orders for the parties to submit an appropriate proposed joint pretrial order. ECF Nos. 46, 50. I will afford the parties one final chance to submit a proposed order that complies with the Local Rules. The failure to do so will result in sanctions, as mentioned in my prior order, which may include dismissal of claims or defenses and prohibiting parties from offering evidence or witnesses at trial.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 53) is REJECTED.** The parties shall submit a proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 by **June 23, 2025**.

DATED this 12th day of June, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2